

TRACY S. COMBS (California Bar No. 298664)
Email: combst@sec.gov
CASEY R. FRONK (Illinois Bar No. 6296535)
Email: fronkc@sec.gov
SECURITIES AND EXCHANGE COMMISSION
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796
Fax: (801) 524-3558

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

MC22-00034-PHX

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICE, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; and ROLAND TANNER;<br><br>Defendants;<br><br>THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;<br><br>Relief Defendants. | Case No.: 2:22-cv-00612<br><br>Judge: James C. Mahan<br>Magistrate Judge: Elayna J. Youchah<br><br>**ORDER APPOINTING RECEIVER** |

**WHEREAS** this matter has come before this Court upon motion of the Plaintiff U.S. Securities and Exchange Commission ("SEC", "Commission" or "Plaintiff") to appoint a receiver in the above-captioned action and for related relief;

**WHEREAS** the Court has found based on the evidence presented and record in this case that the Commission has made a proper *prima facie* showing that Defendants directly and indirectly engaged in violations of the federal securities laws as alleged in the Complaint, and thus, the equity jurisdiction of this Court has been properly invoked and the Court possesses the power and authority to fashion appropriate remedies and relief;

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Defendants and those assets of certain Relief Defendants that: (a) are attributable to funds derived from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants; (c) were fraudulently transferred by the Defendants; and/or (d) may otherwise be includable as assets of the estates of the Defendants;

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants and Relief Defendants, has jurisdiction to determine the applicability of the automatic stay to this action, and venue properly lies in this district; and

**WHEREAS**, the Court finds that the Commission has brought this action to enforce the federal securities laws, in furtherance of the Commission's police and regulatory powers, and the relief sought by the Commission and provided in this Order is in the public interest by preserving the illicit proceeds of fraudulent conduct, penalizing past unlawful conduct and deterring future wrongdoing, and is not in furtherance of a pecuniary purpose, and therefore, the Court concludes that the entry of this Order is excepted from the automatic stay pursuant to Section 362(b)(4) of the Bankruptcy Code, 11 U.S.C. §362(b)(4).

//
//
//
//

Case 2:22-cv-00612-JCM-EJY Document 6-2 Filed 05/03/22 Page 3 of 21

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following Defendants and/or Relief Defendants: J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation; J and J Purchasing LLC; The Judd Irrevocable Trust; and BJ Holdings LLC (collectively, the "J&J Receivership Defendants").

2. Subject to further order of the Court, the Court shall not take exclusive jurisdiction and possession of the assets of Defendant Beasley Law Group PC, except for the Wells Fargo Interest On Lawyers' Trust Account ("IOLTA") No. XXXXXX5598 in the name of Beasley Law Group PC (the "Beasley IOLTA").

3. This Court hereby takes exclusive jurisdiction and possession of the personal assets, of whatever kind and wherever situated, of the following Defendants: Matthew Wade Beasley; Jeffrey J. Judd; Christopher R. Humphries; Shane M. Jager; Jason M. Jongeward; Denny Seybert; and Roland Tanner (collectively, the "Individual Receivership Defendants", and together with the J&J Receivership Defendants and the Beasley IOLTA, the "Receivership Defendants").

4. Until further Order of this Court, **GEOFF WINKLER** of **AMERICAN FIDUCIARY SERVICES LLC** (the "Receiver") is hereby appointed to serve without bond as receiver for the estates of the J&J Receivership Defendants, the assets of the Beasley IOLTA, and the assets of the Individual Receivership Defendants (collectively, the "Receivership Estate"). In addition to and independent of his appointment as Receiver, pursuant to the Court's equitable powers and inherent authority, the Court further appoints **GEOFF WINKLER** as the sole and exclusive officer, director and managing member of each of the J&J Receivership Defendants.

//
//
//

Case 2:22-cv-00412-JCM-EJY Document 82 Filed 06/03/22 Page 45 of 121

## I. GENERAL POWERS AND DUTIES OF RECEIVER

5. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the J&J Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Federal Rule of Civil Procedure 66.

6. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the J&J Receivership Defendants shall have no authority with respect to the J&J Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume control of the J&J Receivership Defendants' assets and any affiliated entities owned or controlled by the J&J Receivership Defendants and shall pursue and preserve all of their claims.

7. Subject to the specific provisions in Sections III through XIV, below, the Receiver shall have the following general powers and duties:

    A. To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly (collectively, "Receivership Property");

    B. To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

Case 2:22-cv-00042-JCM-EJY Document 82 Filed 05/03/22 Page 5 of 21

C. To manage, control, operate and maintain the Receivership Estate and hold in his possession, custody and control all Receivership Property, pending further Order of this Court;

D. To use Receivership Property for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendants;

F. To engage and employ persons in his discretion, subject to approval of the Court, to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H. To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure, without further Court order;

I. To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J. To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estate; and,

K. To take such other action as may be approved by this Court.

Case 2:22-cv-00612-JCM-EJY Document 682 Filed 05/03/22 Page 67 of 221

## II. ACCESS TO INFORMATION

8. The Individual Receivership Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the J&J Receivership Defendants, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

9. Within fourteen (14) days of the entry of this Order, the Individual Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendants; and, (c) the names, addresses and amounts of claims of all known creditors of the Receivership Defendants.

10. Within thirty (30) days of the entry of this Order, the Individual Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement and accounting, with complete documentation, covering the period from January 1, 2016 to the present:

    A. Of all Receivership Property, wherever located, held by or in the name of the Receivership Defendants, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry and other assets, stating the location of each; and/or (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect

Case 2:22-cv-00061-JCM-EJY   Document 82   Filed 06/03/22   Page 7 of 20

beneficial interest, including the account statements from each bank, brokerage or other financial institution, and/or law or professional firm holding a retainer;

B. Identifying every account at every bank, brokerage or other financial institution: (a) over which Receivership Defendants have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendants;

C. Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Receivership Defendant or for which such Receivership Defendant may be liable, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D. Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E. Of all funds received by the Receivership Defendants, and each of them, in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint. The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

F. Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

G. Of all transfers of assets made by any of them.

11. Within thirty (30) days of the entry of this Order, the Receivership Defendants shall provide to the Receiver and the Commission copies of the Receivership Defendants' federal income tax returns for January 1, 2016 to the present with all relevant and necessary underlying documentation.

12. The Individual Receivership Defendants and the J&J Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

13. The Receiver may issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Federal Rule of Civil Procedure 26(d)(1), concerning any subject matter within the powers and duties granted by this Order, without further order of the Court.

14. The Receivership Defendants are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### III. ACCESS TO BOOKS, RECORDS AND ACCOUNTS

15. The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the J&J Receivership Defendants. The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments for the Individual Receivership Defendants upon application to the Court. All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

16. The Receivership Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having

possession of the property, business, books, records, accounts or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver, his agents and/or employees.

17. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendants that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

   A. Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;

   B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

   C. Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

   D. Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## IV. ACCESS TO REAL AND PERSONAL PROPERTY

18. The Receiver is authorized to take immediate control of all personal property of the Receivership Defendants, including jewelry, artwork, and other valuables.

19. The Receiver is authorized to take immediate control of all real property of the Receivership Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of

the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

20. In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to any premises used by the J&J Receivership Defendants. The Receiver shall have exclusive control of the keys. The J&J Receivership Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

21. The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the J&J Receivership Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

22. Upon the request of the Receiver and direction of the Court, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

## V. NOTICE TO THIRD PARTIES

23. The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

25. In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he

deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estate.  All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

26. The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the J&J Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the J&J Receivership Defendants.  The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail.  The J&J Receivership Defendants shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver.  The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the J&J Receivership Defendants.  The J&J Receivership Defendants shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

27. Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

28. The Receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Defendants, or their officers, directors, agents, employees or trustees, and to take any and all appropriate steps in connection with such policies.

//

//

//

## VI. INJUNCTION AGAINST INTERFERENCE WITH RECEIVER

29. The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

    A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

    B. Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

    C. Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,

    D. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

30. The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his duties.

Case 2:22-cv-00612-JCM-EJY Document 682 Filed 06/30/22 Page 14 of 21

31. The Receiver shall promptly notify the Court and Commission counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

### VII. STAY OF LITIGATION

32. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court: All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings (except as provided in Paragraphs 47—48), arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

33. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

34. All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

//
//
//

Case 2:22-cv-00612-JCM-EJY Document 82 Filed 05/03/22 Page 14 of 20

## VIII. MANAGING ASSETS

35. For each of the Receivership Estate, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

36. The Receiver's deposit account shall be entitled "Receiver's Account, Estate of SEC v. Beasley, et al. Receivership Defendants" together with the name of the action.

37. The Receiver may, without further Order of this Court, incur expenses in the ordinary course of business, except for professional fees, in an amount not to exceed $25,000, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate.

38. Upon appropriate order of the Court, subject to Paragraph 40, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real or personal property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real or personal property.

39. Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate. The Receiver shall take all legal steps necessary to obtain authority to obtain control over real or personal property including making any necessary filings in the counties where such properties are located.

40. The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate, including making legally required payments to creditors, employees, and agents of the Receivership Estate and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate, subject to Paragraph 38.

41. If appropriate, the Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the

Case 2:22-cv-00042-JCM-EJY Document 82 Filed 05/03/22 Page 15 of 21

meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions. The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund. The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund." The Receivership Defendants shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

## IX. **INVESTIGATE AND PROSECUTE CLAIMS**

42. Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with Commission counsel, be advisable or proper to recover and/or conserve Receivership Property.

43. Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to

enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

44. The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all J&J Receivership Defendants.

45. The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## X. BANKRUPTCY MATTERS

46. Effective immediately, the Receiver, as sole and exclusive officer, director and managing member, of Defendant J & J Consulting Services, Inc. (a Nevada corporation) and J and J Purchasing LLC (together, "the J&J Debtors") shall possess sole and exclusive authority and control over the J&J Debtors, as debtors-in-possession, in their respective Chapter 11 cases (the "Bankruptcy Cases") pending in the U.S. Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). The employment of any and all other officers, directors, managers or other employees of either of the J&J Debtors (including Peter Kravitz, as Chief Restructuring Officer) is and are hereby terminated by the Court. All such persons shall comply with the applicable provisions of this Order.

47. Within thirty (30) days of the entry of this Order, the Receiver shall report to this Court as to whether the Bankruptcy Cases should continue in Chapter 11, or be converted to Chapter 7, dismissed or suspended during the course of the receivership. The Receiver shall file the appropriate pleadings with the Court and the Bankruptcy Court effectuating this Order.

48. The Receiver may seek authorization of this Court to file petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for other Receivership Defendants. If a J&J Receivership Defendant is placed in Chapter 11 bankruptcy proceedings, the Receiver, pursuant to the powers provided herein, shall become, and shall be empowered to operate each of the J&J Receivership Defendants as a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver

Case 2:22-cv-00612-JCM-EJY Document 682 Filed 05/03/22 Page 17 of 21

is vested with management authority for all J&J Receivership Defendants and may therefore file and manage a Chapter 11 petition.

49. All persons and entities, other than the Receiver, are barred from commencing any bankruptcy proceedings against any of the Receivership Defendants.

## XI. LIABILITY OF RECEIVER

50. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

51. The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

52. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

53. In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XII. RECOMMENDATIONS AND REPORTS

54. The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

55. Within ninety (90) days of the entry date of this Order, the Receiver shall file a preliminary plan for the liquidation of assets in the above-captioned action, with service copies to counsel of record. This time may be altered based on appropriate motion to the Court.

56. Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.

57. The Quarterly Status Report shall contain the following:

A. A summary of the operations of the Receiver;

B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C. A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F. A list of all known creditors with their addresses and the amounts of their claims;

G. The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H. The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

58. On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting

Case 2:22-cv-00612-JCM-EJY Document 682 Filed 05/03/22 Page 19 of 20

requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

### XIII. FEES, EXPENSES AND ACCOUNTINGS

59. Subject to Paragraphs 61—67 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

60. Subject to Paragraph 62 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

61. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

62. Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estate (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

63. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

64. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts

held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

65. Each Quarterly Fee Application shall:

A. Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B. Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

66. At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

**IT IS SO ORDERED.**

Date: June 3, 2022

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

Presented by:
Tracy S. Combs
Casey R. Fronk
Attorneys for Plaintiff
Securities and Exchange Commission

I hereby attest and certify on 6/6/22 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By _____ Deputy Clerk